UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-61477-CIV-COOKE/BROWN

MARIA DIAZ, as next friend of
GERMAN GOMEZ,

     Plaintiff,

v.

SHERIFF KEN JENNE, et al.,

     Defendants.

_____/

## ORDER DENYING DEFENDANT PERRY'S RENEWED MOTION TO STAY PROCEEDINGS

THIS CAUSE is before the Court upon Defendant Perry's Renewed Motion to Stay

Proceedings (DE 183), filed February 21, 2007.  The Court having reviewed the Motion and

being otherwise fully advised finds that the Motion should be denied.

A federal district court has broad discretion in granting or denying a stay and its decision

will not be disturbed absent an abuse of discretion.  See Landis v. North American Co., 299 U.S.

248, 254-55 (1936); Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed.Cir.1987).  A stay of

discovery and/or the entire trial is but one of many options a court may consider when a party or

witness invokes his Fifth Amendment right against compelled self-incrimination.  See S.E.C. v.

Dresser Industries, Inc.,628 F.2d 1368, 1375-76 (D.C.Cir. 1980) (en banc), cert. denied, 449 U.S.

993 (1980).  However, "[t]he Constitution does not require a stay of civil proceedings pending

the outcome of related criminal proceedings."  Shell Oil Co. v. Altina Associates, Inc., 866

F.Supp. 536, 540 (M.D.Fla.1994).  "Forcing an individual to risk non-criminal disadvantage by

remaining silent for fear of self incrimination in a parallel criminal proceeding does not rise to

the level of an unconstitutional infringement." Id.  Furthermore, it is well established in this

Circuit that "a court must stay a civil proceeding pending resolution of a related criminal

prosecution only when 'special circumstances' so require in the 'interests of justice.'"  United

States v. Lot 5, Fox Grove, Alachua County, Florida, 23 F.3d 359, 364 (11th Cir.1994)  (citing

U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970)).  Thus, a district court may deny a stay so long as the

privilege's invocation does not compel an automatic entry of summary or adverse judgment.  Id.

Additionally, a blanket assertion of the privilege against compulsory self incrimination is an

inadequate basis for the issuance of a stay.  Lot 5, Fox Grove, 23 F.3d at 364.

In the case at bar, the alleged shooting incident occurred on November 3, 2004,

approximately two years ago.  However, the Florida State Attorney's Office has yet to make a

decision as to whether Defendant Perry will be charged with any criminal violations.  This two

year delay in making a determination as to whether criminal charges should be brought against

Perry is especially disconcerting in light of the fact that under Florida law the State Attorney may

charge Perry by direct information and thereby eliminate the need to convene a grand jury in this

matter.  See Fla. R. Crim. P. Rule 3.140.  As a result, the prolonged two year delay of the

potential criminal matter confounds this Court.  Furthermore, it is unclear as to when if ever the

nebulous criminal matter will proceed.  Consequently, if this Court stayed the present matter

pending the resolution of the potential criminal charges the resulting stay would likely be

inequitable and improper as it would be of indefinite duration.  See Ortega Trujillo v. Conover &

Co. Communications, Inc., 221 F.3d 1262, 1264-65 (11th Cir. 2000).  This Court will not hinder

the trial of this matter based upon a sluggish and nebulous criminal proceeding in which Perry

has yet to even be indicted or otherwise charged with any criminal violations.  Moreover,

Defendant Perry's invocation of the Fifth Amendment privilege will not result in an automatic

entry of summary or adverse judgment as Gomez will still be required to show, by a

preponderance of the evidence, that the shooting in question violated Florida law and Gomez's

Fourth Amendment rights.  Furthermore, Defendant Perry is free to preserve his Fifth

Amendment privilege while presenting evidence which does not undermine that privilege.

Therefore, the Court will not stay the trial of this matter.  Accordingly, it is hereby

     **ORDERED AND ADJUDGED** that Defendant Perry's Renewed Motion to Stay

Proceedings (DE 183) is **DENIED**.

     **DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of February,

2007.

_____

MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*